MISSOURI, K. & T. RY. CO. v. WALLACE.
(No. 1308.)

(Court of Civil Appeals of Texas. Texarkana.
April 30, 1914. Rehearing Denied
May 21, 1914.)

1. MASTER AND SERVANT (§ 286*) — ACTIONS
FOR INJURIES—QUESTIONS FOR JURY.

In an action for injuries to the fireman
of a passenger train, sustained in a collision
with the caboose of a freight train, evidence
*held* to make a question for the jury as to
whether the freight train employés were guilty
of negligence proximately causing the injury in
failing to post and put out a flag at a suffi-
cient distance to give a sufficient warning to
the passenger train.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–
1015, 1017–1033, 1036–1042, 1044, 1046–1050;
Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 293*) — ACTIONS
FOR INJURIES—INSTRUCTIONS.

In an action for injuries to the fireman of
a passenger train, sustained in a collision with
the caboose of a freight train, where the only
acts of negligence alleged were the failure of
the freight train's crew to side-track the train
10 minutes before the passenger train was due
or, failing in that, to send back a flagman a suf-
ficient distance to stop the passenger train be-
fore it could run into the caboose, which had
broken loose from the freight train, and the
only evidence offered by plaintiff as to negli-
gence referred to these acts, an instruction
that if the employés in charge of the freight
train were guilty of "negligence," as that term
had been defined, in causing the two trains to
run together, and if such negligence was the
proximate cause of plaintiff's injury, the jury
should find for plaintiff, was not so erroneous
as to require a reversal, though it did not ex-
pressly state the particular acts that might be
considered by the jury as negligence.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1148–1156, 1158–1160;
Dec. Dig. § 293.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—ERRORS—
CURE.

An instruction, in an action for injuries
to the fireman of a passenger train, that if the
employés in charge of a freight train were neg-
ligent in causing the two trains to run togeth-
er, the jury should find for plaintiff, if erro-
neous as failing to state the acts of the freight
train's crew that might be considered as neg-
ligence, was not ground for reversal, where
the special charges for both parties confined
and defined the particular acts of negligence
upon which the jury could make a finding.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 705–713, 715, 716, 718; Dec. Dig. §
296.*]

Appeal from District Court, Grayson Coun-
ty; W. M. Peck, Judge.

Action by J. A. Wallace against the Mis-
souri, Kansas & Texas Railway Company.
From a judgment for plaintiff, defendant ap-
peals. Affirmed.

Appellant's fast passenger train, known as
the "Limited," collided with the rear end
of a regular freight train on the main line.
Just before the collision, and about a car
length before the passenger engine reached
the rear of the freight train, the appellee,
Wallace, who was the fireman of the passen-
ger engine, in order to escape the danger of
being caught under the engine in case of the
wreck of the engine, jumped off the engine
to the ground and sustained grievous bodily
injuries, for which he sues. The negligence
alleged in the petition is: (1) Failure on the
part of the operatives of the freight train
to observe the rules of the company to side-
track the freight train 10 minutes before the
fast passenger train following it was due,
and, failing in that, to post and put out a flag
to notify the operatives of the passenger
train that the freight train was on the main
line and not on the side track in the clear,
and to enable the passenger train to stop in
time to avert a collision; and (2) failure on
the part of the employés of the passenger
train to approach the station with the speed
of the train reduced and under control, and
in failing to keep necessary and proper look-
out for flags and for the freight train. The
defendant pleaded denial, contributory neg-
ligence, and assumed risk. The verdict of
the jury was in favor of the plaintiff.

[1] The evidence establishes that the pas-
senger train on which appellee was the loco-
motive fireman was a fast train, known as
the "Limited," running north bound at the
time, from Muskogee, Okl., with destination
of Parsons, Kan., and was moving at the usu-
al high rate of speed of from 40 to 60 miles
an hour. Hulwe is a station on the railway
between Muskogee and Parsons, and switches
and passing tracks are maintained there;
but it is not a station at which the Limited
train stops. One mile south of Hulwe the
railway crosses Big Cabin creek. The track
south of Big Cabin creek is curved and is
downgrade, going north to where it crosses
the creek, and is upgrade from the creek to
Hulwe Station. As the passenger train was
approaching Hulwe, and at a point about one
mile south of Hulwe, and just after the en-
gine crossed over the creek, the engine of
the passenger train ran into the caboose of a
regular freight train which had previously
broken loose from the train line. The freight
train was also north bound. It appears that
the freight train of between 30 and 35 cars
arrived at Hulwe Station about 17 minutes
ahead of the passenger train, and when it
slowed down for the switch the slack of the
train running back caused the caboose to
break loose and roll slowly back downgrade
to the creek. The conductor and a brakeman
of the freight train went back to flag the pas-
senger train. The conductor says he went
back eight telegraph poles, and the brakeman,
according to the evidence, went forward of
the caboose about 100 yards. It was proven
that rule 99 of appellant, set out in detail in
the statement of facts, requires the flagman, in
case of accident or obstruction of the track,
to go back with danger signals and remain
at a point 20 telegraph poles, or 1,000 feet,
from the rear of his train, or, when on a
curve or downgrade, a distance of 20 tele-

graph poles further than above provided, to give approaching trains ample time to stop. There was testimony that the flagman had 13 minutes' time in which to put out a flag before the collision occurred, and that a flagman in such time could have gone down the track the distance of 25 telegraph poles, and if he had done so in this case the engineer of the passenger train could and would have seen him and would have had time to stop the train before it struck the caboose. As the passenger train was rounding the curve just south of the bridge over Big Cabin creek, the engineer discovered the front flagman, and at once answered by two short blasts of the whistle and applied the air brakes in the emergency; but, before the train could be stopped, the collision inevitably occurred. The collision was forcible, and wrecked the caboose and damaged the engine.

The evidence warrants the findings of fact, which are here made, that appellant through its employés was guilty of negligence proximately causing the injury in failing to post and put out a flag at proper and sufficient distance to give the approaching passenger train warning in time to avert the injury, as pleaded, and that appellee was not guilty of contributory negligence, and did not as a fact assume the risk of injury; and the amount of damages awarded by the jury is warranted by the evidence.

Head, Smith, Maxey & Head, of Sherman, and Alex. S. Coke, of Dallas, for appellant. Wolfe, Wood & Haven, of Sherman, for appellee.

LEVY, J. (after stating the facts as above). [2, 3] The first assignment predicates error upon that part of the fourth paragraph of the court's charge reading:

"And if you believe from the evidence that defendant's employés in charge of said freight train were guilty of 'negligence,' as that term has been defined to you, in causing said two trains to run together, if they did, and that such negligence, if any, was the direct and proximate cause of plaintiff's injury, if any, * * * you will find for plaintiff and assess his damages as hereinafter instructed, unless you find for defendant under other instructions given you."

The objection made to the charge is that it does not refer the jury to the negligent acts alleged or the facts proven, but leaves it broadly for the jury to say whether or not negligence caused the collision. The charge does not, it is true, expressly state to the jury the particular acts on the part of the freight crew that may be considered by them as negligently causing the collision. The charge, though, does refer and restrict the jury to the evidence before them to determine the question of negligence on the part of the freight crew in respect to the collision. According to the pleading of the plaintiff, the only two acts of negligence charged against the freight crew was the failure to side-track the freight train, as required by appellant's rule, 10 minutes before the passenger train following it was due, and, failing in that, to send back a flagman a distance far enough to stop the passenger train before it could run into the caboose broken loose from the train line of the freight train. And the only evidence offered by the plaintiff as to negligence on the part of the freight crew was in reference to the alleged acts. In view of the pleading and evidence, the charge could not properly be said, we think, to be so erroneous as to require a reversal of the case. And, further, if the court's charge is subject to the objection of being general in respect to the issue of negligence on the part of the freight crew, it would not afford ground for reversal, for the special charges of appellee, together with the special charge of appellant, given by the court, as shown in the record, served to confine, as well as define, the particular acts of negligence that the jury could and would make the finding upon. The assignment is overruled.

The second assignment complains of special charge No. 2, tendered by appellee and given by the court. The special charge authorized a verdict for appellee upon the finding by the jury that the flagman sent out in this case for the purpose of flagging and signaling the operatives of the passenger engine negligently failed or refused to go back the necessary or proper distance to give the approaching passenger train ample time to stop and avoid the collision. The objection to the charge is that it measures appellant's liability by a failure to comply with its rules formulated for conducting its business. The charge, we think, required the jury to measure the act of the flagman entirely from the standpoint of being negligence vel non, and is not subject to the objection made.

There was no error in refusing to peremptorily instruct a verdict for appellant under the evidence in this case, and the assignments numbered 3 and 4 are overruled.

Assignments Nos. 5, 6, and 7 present no error affording ground for reversal, and are overruled.

It is a fair deduction from the evidence, that the jury were authorized to make, that appellee will never be able to perform the labor of a fireman in the future, and will never have the strength in his right arm that he once had. After a careful consideration of the case, we do not feel warranted in disturbing the verdict of the jury on the amount of damages awarded. Assignment No. 8 complaining of excessive verdict, is overruled.

The judgment is affirmed.